

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 23, 2013

Via Electronic Mail

Christopher Davis, Esq.
1350 Connecticut Avenue, N.W., Suite 202
Washington, D.C. 20036

**FILED**

**JUN 0 5 2013**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

                Re:     United States v. Charles Nickerson
                        Crim. No. 13-137 (KBJ)

Dear Counsel:

      This letter confirms the agreement between your client, Charles Nickerson, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

      1.     Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging two counts: (1) Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b); and (2) Distribution of Child Pornography, in violation of 18 U.S.C. § 2522A(a)(2).

      2.     Your client understands that the charges to which he is pleading guilty carry the following penalties:

            a.     Travel with Intent to Engage in Illicit Sexual Conduct carries a maximum sentence of 30 years of imprisonment pursuant to 18 U.S.C. § 2423(b), a fine of not more than $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571, and a

1

period of supervised release – after any period of incarceration – of not less than five years or life pursuant to 18 U.S.C. § 3583(k).

      b.      Distribution of Child Pornography carries a maximum sentence of 20 years of imprisonment, with a mandatory minimum of 5 years imprisonment pursuant to 18 U.S.C. § 2252A(b)(1), a fine of not more than $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made, and a period of supervised release – after any period of incarceration – of not less than 5 years or life pursuant to 18 US.C. § 3583(k).

      c.      In addition, your client agrees to pay a special assessment of $100 for <u>each</u> felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing

      d.      Your client also understands that pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the Sentencing Guidelines, the Court may impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

      e.      Your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

      3.      Your client understands that if the Court rejects the parties' recommendation for an appropriate sentence as set forth in paragraph five (5), and your client does not withdraw his plea, and the government does not exercise its right to withdraw from the agreement, your client will be sentenced according to 18 U.S.C. §§ 3553(a) and 3553c through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range.

      4.      In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office or by the United States Attorney's Office for the District of Maryland for the conduct set forth in the attached Statement of Offense. However, the United States Attorney's Office for the District of Maryland reserves the right to prosecute your client for production of child pornography, in violation of 18 U.S.C. § 2251, should evidence of the commission of such offense by your client emerge. In addition, the State's Attorney for Queen Anne's County in the State of Maryland agrees not to prosecute your client for the conduct involving the 4 year-old male child as set forth in the attached Statement of Offense, but reserves the right to prosecute your client for any other criminal conduct involving the 4 year-old child or any other children or victims.

### Recommendation as to Appropriate Sentence

5.   Your client and the Government agree that a sentence of incarceration of 10 years (120 months) is the appropriate sentence for the offenses to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. <u>Your client further understands that if the Court rejects the plea agreement, the government also has the right to withdraw from the agreement and to be freed from all obligations under the agreement, and may in its sole discretion bring different or additional charges before the defendant enters any guilty plea in this case.</u> This agreement with respect to the appropriate sentence affects only incarceration. The otherwise applicable statutory and Guideline provisions are applicable to other sentencing incidents, specifically fines and terms of supervised release.

6.   Should the Court not agree that the sentence agreed upon by the parties is appropriate, and your client not withdraw his plea, and the government not exercise its right to withdraw from the agreement, your client and the Government agree to the following: Your client will be sentenced upon consideration of the United States Sentencing Guidelines. The Government agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

### Factual Stipulation

7.   Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Release/Detention

8.      Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case and that if a period of incarceration is imposed at sentencing, he will not seek to be released after sentencing.

### Waiver of Rights

9.      In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

### Court Not Bound by the Guidelines

10.     Your client understands should the Court not accept the recommended sentence of sentence of incarceration in the range of 10 years (120 months), and your client not withdraw his plea, and the government not exercise its right to withdraw from the agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that in that case, the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

### Reservation of Allocution

11.     Your client understands that subject to the provisions of this agreement with respect to a recommended sentence, this Office reserves its full right of allocution for purposes of sentencing in this matter if the Court does not impose the sentence recommended by the parties. Should the Court not agree that the sentence agreed upon by the parties is appropriate, and your client not withdraw his plea, and the government not exercise its right to withdraw from the agreement, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward

4

departure sentencing motion under § 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Restitution

12.     Your client understands that in addition to the other penalties provided by law, pursuant to 18 U.S.C. §§ 2259 and 3664, it is mandatory that the Court order your client to make restitution for the full amount of any victim(s)' compensable losses.  Because the government may not yet have identified all victims of your client's crime or know whether restitution will be requested, your client understands and that the government will request that the Court order restitution for any identified victim for the full amount of his/her losses that were caused by your client's crime that is the subject of this plea agreement.

13.     Your client understands that an unanticipated request for restitution by a victim(s) or an unanticipated amount of a restitution ordered by the Court will not serve as grounds to withdraw your client's guilty plea.  Your client also understands that the Court may not decline to order restitution because of your client's economic circumstances or the fact that the victim(s) have, or may be entitled to, receive compensation for any losses from any other source. Restitution is payable immediately at the time of sentencing unless ordered otherwise by the Court.

14.     Your client further agrees to identify all assets over which he exercises control, directly or indirectly, (or has exercised such control, within the past five years).  Your client also agrees to identify all assets in which he has or had during that time any financial interest.  Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client and to provide and/or consent to the release of your client's tax returns for the previous five years.

### Forfeiture

15.     The United States of America and the defendant hereby agree that the following computers, computer media, computer peripherals, and other items seized from the defendant on March 9 and 12, 2012, and currently in the custody and/or control of the Federal Bureau of Investigation were properly seized and were involved in or used in violation of Federal law by defendant:

|     |     |     |
| --- | --- | --- |
| (A) | Dark blue 2006 Chevrolet Silverado bearing VIN 1GCHK29D56E154990, and Maryland registration number A153857; |
| (B) | Dell Inspiron computer, Model 560, serial number 8JSVLN1; |
| (C) | FinePix digital camera. |

The defendant agrees that such items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States. As

such, the defendant hereby relinquishes all claim, title, and interest he has in the above-referenced property to the United States of America and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

The defendant further agrees that the following items were properly seized by law enforcement on March 9 and 12, 2012:

(C)   GPS device;
(D)   Cellular telephone;
(E)   Sony Premium Digital Videocassette;
(F)   Blue bag containing sex toys and personal lubricant.

The defendant agrees to waive any interest he has in these items, and he consents to their destruction by law enforcement.

**Appeal Waiver**

16.   Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances.  Your client agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, award of restitution, term of supervised release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or applicable guidelines range, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence, but not to raise on appeal other issues regarding the sentencing.  In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court.  Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement.  Your client reserves the right to make a collateral attack upon your client's sentence, pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him.

**Sexual Offender Registration**

17.   Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250, 42 U.S.C. §§ 16911(3), 16915(a)(2), he is required to register as a sex offender for a minimum period of 25 years and to keep the registration current in jurisdictions where he resides, where he is employed and where he is a student.  He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he will be employed or a student, among other information.  Your client understands that should he knowingly fail to

comply with his obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. § 2250, he could be prosecuted for the offense of failure to register and subject to a term of up to 10 years of imprisonment, a fine or both. He further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of probation pursuant to 18 U.S.C. § 3563 and/or supervised release pursuant to 18 U.S.C. § 3583, and that failure to comply with his obligations under the Act could subject him to revocation of probation or supervised release, in addition to prosecution for the felony offense of failure to register.

### **Breach of Agreement**

18.     Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

19.     Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

20.     Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

21.     Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

22. It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Complete Agreement**

23. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

24. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia, the United States Attorney's Office for the District of Maryland, and the State's Attorney for Queen Anne's County in the State of Maryland, as specified in paragraph 4. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client. Specifically, it does not preclude the U.S. Attorney's Office for the District of Maryland or the State's Attorney for Queen Anne's County in the State of Maryland from prosecuting your client as set forth in paragraph 4.

Sincerely,

RONALD C. MACHEN JR.
United States Attorney

CASSIDY KESLER PINEGAR
Assistant United States Attorney

8

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6/5/13

Charles Nickerson
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: June 5, 2013

Christopher Davis, Esquire
Attorney for the Defendant